**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SF by and through her parents and natural guardians, MATTHEW FREEMAN and KAREN FREEMAN,, | NO. 3:08-CV-581 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| DELAWARE VALLEY SCHOOL DISTRICT; ROBERT L. SMITH; JAMES MELODY; and DR. CANDIS FINAN, | |
| Defendants. | |

## <u>MEMORANDUM</u>

Presently before the Court is Defendants Delaware Valley School District, Robert L. Smith, James Melody and Candis Finan's motion, pursuant to Federal Rule of Civil Procedure 12(b)(6),  to dismiss Counts I, III, V of Plaintiff's Complaint in their entirety and to dismiss Count IV as it relates to the Fourth Amendment.  (Doc. 11.)  For the reasons detailed below, Defendants' motion will be granted in part and denied in part.

The Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331, 1343, & 1367.

## BACKGROUND

Plaintiff was at all times relevant to this action a minor attending Shohola Elementary School in Pike County, Pennsylvania. (Compl. ¶ 5.)  The Plaintiff appears before this Court through her parents and natural guardians, Matthew and Karen Freeman. (*Id.* ¶ 6.)  Defendant Deleware Valley School District ("DVSD") is organized and operates pursuant to the laws of the Commonwealth of Pennsylvania.  (*Id.* ¶ 7).  Defendant Robert L. Smith ("Smith") was, at all times relevant to this action, the principal at Shohola Elementary School.

(*Id.* ¶ 8.)  Defendant James Melody served as Superintendent of the Delaware Valley School District from July 1985 through July 1998.  (*Id.* ¶ 9.)  Defendant Candis Finan has been the Superintendent of the Delaware Valley School District since July 1998.  (*Id.* ¶ 10.)

During the 1998-1999 school year, the Plaintiff was seven (7) years old and a student assigned to Thomas Matthews' third grade classroom at Shohola Elementary School .  (*Id.* ¶¶ 19, 20.)  Beginning in November 1998, Mr. Matthews subjected the Plaintiff to a pattern of sexual touching that continued throughout the 1998-1999 school year.  (*Id.* ¶ 21.)  This touching, which included digital penetration of Plaintiff's vagina, occurred roughly once per week, during the school day, while other students were present, by Matthews' desk in the back of the classroom.  (*Id.* ¶¶ 22-32.)  Matthews was subsequently convicted of sexual offenses against Plaintiff, including one count of aggravated indecent assault and fourteen counts of indecent assault and corruption of minors.  (*Id.* ¶ 33.)

Mr. Matthews had been an employee of DVSD since October 1982.  (*Id.* ¶ 35.)  DVSD granted Matthews tenure in 1985, and in 1991, DVSD transferred Matthews to Shohola Elementary School as a third grade teacher.  (*Id* ¶ 38.)  During the 1994-1995 school year, a librarian at Shohola Elementary School filed a complaint with Defendant Robert Smith alleging that Matthews had inappropriately touched her while she was working in the library. (*Id.* ¶ 39.)  After conducting an investigation of the incident, Defendant Smith issued a memorandum notifying Matthews that any subsequent inappropriate behavior towards the school's female employees would result in further discipline and possible termination of Matthews's employment..  (*Id.* ¶¶ 40-41.)

Subsequent to Defendant Smith's warning, during the 1995-1996 school year, two

female students at Shohola Elementary complained of inappropriate touching by Matthews. (*Id.* ¶¶ 42-52.)   Defendants Melody and Smith conducted an investigation into these complaints.   (*Id.* ¶ 53.)   As a result of this investigation, Defendant Melody issued a memorandum notifying Matthews that he was not to touch, pat, massage or have any other physical contact with students or staff in school buildings or vehicles, on school grounds, or at school sponsored events.   (*Id.* ¶ 54.)   Additionally, Matthews received a seven day suspension without pay. (*Id.* ¶ 55.)   Matthews subsequently received a negative teaching evaluation from Defendants Melody and Smith which noted that the repeated touching incidents were signs that Matthews did not exhibit intelligent, mature, or professional behavior.   (*Id.* ¶ 57.)   The Defendants did not take any further action against Mr. Matthews at that time.   (*Id.* ¶ 58.)

During the 1997-1998 school year, Matthews inappropriately touched two female students in his third grade class on a regular basis.   (*Id.* ¶¶ 63-69.)   Chris Sigga, a custodian at Shohola Elementary witnessed several occasions where Mr. Matthews was in his classroom with the lights off with a student sitting on Matthews' lap.   (*Id.* ¶¶ 73-75.)   Sigga reported this behavior to Defendant Smith, even physically taking Matthews to Defendant Smith's office.   (*Id.* ¶ 76.)   No additional action was taken against Matthews until January 20, 2000 when Defendant Finan suspended Matthews following new complaints of inappropriate sexual touching from the parents of a student in Matthews' classroom.   (*Id.* ¶¶ 77, 78.)   On March 10, 2000, Defendant Finan wrote to Matthews accepting his resignation, effective June 2000.   (*Id.* ¶ 81.)   On March 14, 2000, Matthews and DVSD entered into a release agreement in which the School District agreed to represent to Matthews potential future

employers only that Matthews submitted a voluntary early resignation.  (*Id.* ¶ 82.)  On September 15, 2000, the Defendants responded to a request for employment verification from the Stafford County Public Schools regarding Mr. Matthews' employment with DVSD without mentioning the documented instances of improper sexual touching.  (*Id.* ¶¶ 83, 84.)

In March of 2000, Defendants also met with the Pennsylvania State Police regarding the allegations of improper sexual touching.  (*Id.* ¶ 79.)  The investigating officers advised the Defendants that they had blatantly failed to comply with the reporting requirements for crimes allegedly committed against a student as prescribed by 23 Pa.C.S.A. § 6353.  (*Id.*)  Prior to March 8, 2000, Defendants made no reports as required by 23 Pa.C.S.A. §§ 6352 and 6353 even though Mr. Matthews had received warnings for inappropriate sexual touching as early as 1994.  (*Id.* ¶ 80.)

In her April 1, 2008 Complaint, Plaintiff alleges that Defendants' failure to investigate and take action exacerbated the harm caused by Matthews' sexual misconduct and resulted in Plaintiff's severe and permanent psychological damage, physical harm, and emotional distress.  Accordingly, Plaintiff brings six (6) counts against Defendants in this case.  In Count I, Plaintiff argues that all Defendants violated her Fourteenth Amendment right to personal security and bodily integrity and that all Defendants violated her Fourth Amendment right to be free from illegal seizures.  In Count II, Plaintiff argues that the Delaware Valley School District permitted sexual harassment and a hostile work environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. ¶ 1681(a).  In Count III, Plaintiff argues that all Defendants intentionally and deliberately inflicted extreme emotional distress upon Plaintiff.  In Count IV, Plaintiff argues that all Defendants violated her due process rights under Article I, § 1 of the Pennsylvania Constitution and her rights against illegal

seizures under Article I, § 8 of the Pennsylvania Constitution.  In Count V, Plaintiff argues that Defendants Smith, Melody, and Finan acted with Willful Misconduct in failing to properly supervise Matthews and enforce school district policy.  Finally, in Count VI, Plaintiff argues for punitive damages against Defendants Smith, Melody, and Finan, saying that these Defendants acted recklessly and with callous indifference to Plaintiff's federally protected rights.

Defendants filed a motion to dismiss Counts I, III, V, and IV as it relates to the Fourth Amendment on July 14, 2008 (Doc. 11), and submitted a brief in support of their motion on July 25, 2008 (Doc. 12).  Plaintiff filed a brief in opposition to Defendants' motion on August 7, 2008 (Doc. 18), and Defendants submitted their reply brief on August 21, 2008 (Doc. 17).  Accordingly, the Defendants motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007), meaning, enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element.  *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "give the defendant

5

fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**I.     Section 1983**

In Count I of her Complaint, Plaintiff brings suit under 42 U.S.C. § 1983 alleging that Defendants Delaware Valley School District, Robert L. Smith, James Melody, and Dr. Candis Finan violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.  In order to state a claim under § 1983, Plaintiff must allege a deprivation of a right secured by the Constitution by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parrat v. Taylor*, 451 U.S. 527, 535 (1981)); *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). The absence of a state actor or a constitutional harm results in the failure of Plaintiff's § 1983 claim.  *See id.*

**A.     State Actor**

School authorities, such as Defendants Smith, Melody, and Finan in the present case, are state actors for purposes of the constitutional guarantees of the Fourth and Fourteenth Amendments.  *See New Jersey v. T.L.O.*, 469 U.S. 325, 336 (1985) (establishing that school officials are state actors for purposes of the Fourth Amendment); *see also Goss v. Lopez*, 419 U.S. 565 (1975)(establishing that school officials are state actors for purposes of the Fourteenth Amendment).

Municipal entities such as a school district can also be actors under § 1983.  In *Monell v. Department of Social Services*, the United States Supreme Court declared that "Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies." 436 U.S. 658, 690 (1978) (emphasis included).  Municipal entities, however, cannot be sued solely for the acts of their employees as the *Monell* Court

further stated that

> the language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.

*Id*. at 691 (emphasis included). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694. Accordingly, the question currently before the Court is whether Defendant Delaware Valley School District can be deemed to have subjected the Plaintiff to a violation of her constitutional rights.

Actions by persons with final authority for making a decision within the municipal entity constitute official policy for purposes of § 1983. *See Pembauer v. City of Cincinnati*, 475 U.S. 469, 483-484 (1986) ("municipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question"). The determination of whether a person has final decision-making authority in a particular area is a question of state law for the Court to decide. *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989); *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988).

The Third Circuit Court of Appeals has previously addressed when school officials'

8

decision-making with regard to employment action involving school district personnel rises to the level of district policy in *McGreevy v. Stroup*, 413 F.3d 359 (3d 2005). In particular the Third Circuit considered §§ 5-508, 5-514, and 10-1081 of the Pennsylvania Code. Section 5-508 dictates that a majority vote of the school board is required when "dismissing a teacher after a hearing." 24 Pa. Const. Stat. § 5-508. Section 5-514 states that the school board has "the right at any time to remove any of its officers, employees or appointees for incompetence, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct." 24 Pa. Const. Stat. § 5-514. Section 10-1081 lists the duties of district superintendents, and does not mention authority over the removal of district teachers and employees. After reviewing these Sections of the Pennsylvania Code, the Third Circuit determined that school board action – or, for purposes of the present case, inaction – is not a prerequisite for imposition of liability on a school district. *McGreevy*, 413 F.3d at 368. "[I]n order to ascertain who is a policy maker a court must determine which official had final, unreviewable discretion to make a decision or take action." *Id.*

In the current case, Plaintiff "avers that the School District has unconstitutional customs or policy of (a) failing to investigate evidence of School District employees' tortuous misconduct against School District students...and (b) failing to adequately supervise and train School District employees with regard to maintaining, preserving and protecting students . . ." (Compl. ¶ 92.) Accordingly, the Plaintiff's constitutional claims against the school district arise from the purported failure to investigate and supervise, not just by the Principal at Shohola Elementary or the Superintendent of the Delaware Valley School District, but by school board overseeing these individual officials and holding ultimate decision-making powers. While the Plaintiff's Complaint does not specifically allege facts

9

detailing the school board's alleged failure to investigate and supervise, the pleading provides sufficient notice to the Defendant Delaware Valley School District for the purposes of the motion to dismiss currently before the Court.  *See Leatherman v. Tarrant County Narcotics Iteligence and Coordination Unit*, 507 U.S. 163 (1993) (holding that notice pleading is sufficient for suits against local governments pursuant to § 1983); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (holding that notice pleading is the standard under the Federal Rules of Civil Procedure unless a specific statutory provision compelling heightened pleadings).

### B.    Constitutional Harm

Plaintiff alleges that the Defendants in the current action violated her Fourth and Fourteenth Amendment rights under the United States Constitution.  The Fourth Amendment states, in relevant part, that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated . . .."  U.S. CONST. amend. IV. This right of personal security was made applicable to the States through the Fourteenth Amendment.  *See Wolf v. Colorado*, 338 U.S. 25, 27-28 (1949) (stating that the security of one's privacy against arbitrary intrusion is basic to a free society is implicit in "the concept of ordered liberty," and, thus, enforceable against the States through the Due Process Clause).  "It has been said of the Fourth Amendment that its 'overriding function. . . is to protect personal privacy and dignity against unwarranted intrusion by the State.'" *Ingraham v. Wright*, 430 U.S. 651, 674 n. 42 (1977) (quoting *Schmerber v. California*, 383 U.S. 757, 767 (1966)).  "But the principal concern of [the Fourth Amendment's] prohibition against unreasonable searches and seizures is with intrusions on privacy in the course of criminal

investigations." *Id*. (citing *Wahlen v. Roe*, 429 U.S. 589, 604 n. 32 (1977)).

In the present case, the Plaintiff characterizes the sexual touching by Mr. Matthews as a search and seizure.  There is no question that Plaintiff was unreasonably subjected to a violation of her person, but the Court does not believe that Mr. Matthews' actions were within the scope of the Fourth Amendment's protection against searches and seizures.  As Plaintiff's claim does not concern intrusion on her privacy in the course of a criminal investigation, the Plaintiff may not proceed on a Fourth Amendment theory against the Defendants in this case.  *See* K.K. v. Weeks, No. 1:CV-04-2290, 2007 U.S. Dist. LEXIS 70004, *18 (M.D.Pa. Sept. 21, 2007) (Caldwell, J.) (holding that a claim for sexual assault could not proceed based on the Fourth Amendment when the assault was not in the context of a criminal investigation).  Accordingly, Defendants' motion to dismiss Count I of Plaintiff's Complaint will be granted with respect to claims brought pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's Fourth Amendment rights.

Plaintiff did, however, have a liberty interest in her bodily integrity protected by the Fourteenth Amendment.  *Black v. Indiana Area School District*, 985 F.2d 707, 709 n. 1 (3d Cir. 1993) (citing *Ingraham*, 430 U.S. at 673-674; *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982)).  Thus, the Defendants in this case can be found liable under § 1983 if Plaintiff shows that their conduct violated her right to bodily integrity.  In the present case's context of sexual assault in an educational setting, the Defendants will be found to have violated Plaintiff's Fourteenth Amendment right "if they acted with deliberate indifference as to whether students were sexually abused and if the manner in which they handled complaints affirmatively contributed to the plaintiff's being assaulted."  *Black*, 430 U.S. at 712

(discussing *Stoneking v. Bradford Area School District*, 882 F.2d 720 (3d Cir. 1989)).

In Count I of her Complaint, Plaintiff alleges that Defendants Smith, Melody, and Finan were policymakers for Defendant Delaware Valley School District and that the Defendants collectively engaged in a custom or policy of failing to properly investigate School District employees' tortious misconduct, including sexual harassment and abuse, against School District students.  Plaintiff further alleges that the Defendants failed to adequately supervise and train School District employees with regard to maintaining, preserving, and protecting School District students from violations of the students' right to bodily integrity. These allegations, when viewed in light of the factual allegations found elsewhere in Plaintiff's Complaint, provide Defendants adequate notice under Federal Rule of Civil Procedure 8 and sufficiently state a claim upon which relief could be granted.  Thus, Defendants' motion to dismiss Count I of Plaintiff's Complaint will be denied with respect to claims brought pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's Fourteenth Amendment rights.

## II.    State Constitutional Claims

In Count IV of her Complaint, Plaintiff brings suit alleging that Defendants Delaware Valley School District, Robert L. Smith, James Melody, and Dr. Candis Finan violated her rights under Article I, §§ 1 and 8 of the Pennsylvania Constitution.  Section 1 states that "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." Pa. Const. Art. I, § 1.  Section 8 states that

The people shall be secure in their persons, houses, papers and possessions

12

> from unreasonable searches and seizures, and no warrant to search any place
> or to seize any person or things shall issue without describing them as nearly
> as may be, nor without probable cause, supported by oath or affirmation
> subscribed to by the affiant.

PA. CONST. Art. I, § 8.  This text is nearly identical to the text of the Fourth Amendment to the United States Constitution.  The Court believes that this textual similarity is revealing of a similarity in purpose, and accordingly determines that the principal concern of the prohibition against unreasonable searches and seizures found in Article I, § 8 is with intrusions on privacy in the course of criminal investigations.

Accordingly, for the same reasons detailed in the discussion of Plaintiff's federal constitutional claims, the Court finds that the Plaintiff cannot proceed against the Defendants in this case with a theory based on Article I, § 8 of the Pennsylvania Constitution.  For this reason, Defendants' motion to dismiss Count IV of Plaintiff's Complaint as it relates to the Fourth Amendment to the United States Constitution and Article I, § 8 of the Pennsylvania Constitution will be granted.

## III.    Intentional Infliction of Emotional Distress

In Count III of her Complaint, Plaintiff brings suit alleging that Defendants Delaware Valley School District, Robert L. Smith, James Melody, and Dr. Candis Finan intentionally and deliberately inflicted extreme emotional distress upon Plaintiff.  To prove a claim of intentional infliction of emotional distress, the following elements must be established: (1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; (4) that distress must be severe." *Hoy v. Angelone*, 691 A.2d 476, 482 (Pa. 1997).  Extreme and outrageous conduct is conduct which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and

to be regarded as atrocious, and utterly intolerable in a civilized society." *Strickland v. University of Scranton*, 700 A.2d 979, 987 (Pa. Super. Ct. 1997).  Generally, "the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'outrageous'!" *Id.*  In addition, to prevail on an intentional infliction of emotional distress cause of action, a plaintiff must provide competent medical evidence to prove the existence of emotional distress. *Kazatsky v. King David Memorial Park, Inc.*, 527 A.2d 988, 995 (Pa. 1987); *see Hunger v. Grand Central Sanitation*, 670 A.2d 173 (Pa. Super. Ct. 1996) (holding that, to prevail on intentional infliction of emotional distress claim, a plaintiff must prove that the defendant's conduct was extreme and outrageous and that the plaintiff suffered a medically confirmed injury).

In the Brief in Support of the Motion to Dismiss (Doc. 12), the Defendants make no argument suggesting that Plaintiff did not suffer severe emotional distress.  Moreover, Defendants do not argue that their conduct in the present case was not extreme and outrageous, and they do not argue that their conduct was not intentional or reckless.  Rather, Defendants contend only that they are entitled to immunity as a local agency and as public officials.

### A.    Local Agency and Employees Immunity

"Under the [Pennsylvania Political Subdivision Tort Claims Act], local agencies such as school districts are given broad tort immunity."  *Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006).  "The Act provides that, 'no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.'" *Id.* (quoting 42 Pa. Cons. Stat. § 8541).  The Act

14

also establishes eight exceptions to liability:(1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody or control of animals.  42 Pa. Cons. Stat. Ann. § 8542(b).

Since the activity alleged in Plaintiff's Complaint does not fall within one of the eight exceptions to local agency immunity, Defendants' motion to dismiss Count III of Plaintiff's Complaint will be granted with respect to Defendant Delaware Valley School District.

"Municipal employees, including school district employees, are generally immune from liability to the same extent as their employing agency, so long as the act committed was within the scope of the employee's employment."  *Sanford*, 456 F.3d at 315 (citing 42 Pa. Cons. Stat. § 8545).   However, § 8550 of the Act creates an exception to this rule: "Employees are not immune from liability under § 8545 where their conduct amounts to 'actual malice' or 'willful misconduct.'"  *Id.*

"Willful misconduct has been defined by the Pennsylvania Supreme Court as 'conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied.'"  *Id.* (quoting *Renk v. City of Pittsburgh*, 537 Pa. 68, 75 (Pa. 1994).   "Otherwise stated, the term 'willful misconduct' is synonymous with the term 'intentional tort.'"  *Id.*

Plaintiff alleges in Count V of her Complaint that Defendants Smith, Melody, and Finan were aware of Matthews' earlier incidents of inappropriate touching and knew that it would be highly probable that students would be harmed and would be harmed sexually. As just detailed, the Third Circuit Court of Appeals and the Pennsylvania Supreme Court

15

have recognized that "willful misconduct is a demanding level of fault." *Sanford*, 456 F.3d at 315; *Renk* 537 Pa. at 75.  Without allegations that Defendants Smith, Melody, and Finan failed to act with the intent of causing a tort to the Plaintiff, the Plaintiff's pleading fails to meet the demanding level required for the Court to characterize the Defendants' actions as "willful misconduct."  Accordingly, Defendants Smith, Melody, and Finan have immunity under the Pennsylvania Political Subdivision Tort Claims Act, and Defendants' motion to dismiss Counts III and V of Plaintiff's Complaint  will be granted with respect to the individual Defendants.

## CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to dismiss Counts III and V in their entirety and Counts I and IV as they relate to the Fourth Amendment and Article I, § 8 of the Pennsylvania Constitution. (Doc. 11.)  Plaintiff's Count I claim pursuant to the Fourteenth Amendment, her Count II claim pursuant to Tittle IX, her Count IV claim pursuant to Article I, § 1 of the Pennsylvania Constitution, and her Count VI claim for punitive damages remain in this case.

An appropriate order follows.


 October 20, 2008                          /s/ A. Richard Caputo
Date                                    A. Richard Caputo
                                        United States District Judge


16

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SF by and through her parents and
natural guardians, MATTHEW FREEMAN
and KAREN FREEMAN,,

      Plaintiff,

          v.

DELAWARE VALLEY SCHOOL
DISTRICT; ROBERT L. SMITH; JAMES
MELODY; and DR. CANDIS FINAN,

      Defendants.

NO. 3:08-CV-581

(JUDGE CAPUTO)

## ORDER

**NOW**, this  20th  day of October, 2008, **IT IS HEREBY ORDERED** that Defendants

Delaware Valley School District, Robert L. Smith, James Melody, and Dr. Candis Finan's

Motion to Dismiss (Doc. 11) is **GRANTED IN PART AND DENIED IN PART** as follows:

    (1)    Defendants' motion to dismiss Count I of Plaintiff's Complaint is **GRANTED**

with respect to claims brought pursuant to 42 U.S.C. § 1983 for violation of

Plaintiff's Fourth Amendment rights.  Defendants' motion to dismiss Count I of

Plaintiff's Complaint is **DENIED** with respect to claims brought pursuant to 42

U.S.C. § 1983 for violation of Plaintiff's Fourteenth Amendment rights.  Count

I of the Plaintiff's Complaint is **DISMISSED** with respect to claims under the

Fourth Amendment to the United States Constitution.

    (2)    Defendants' motion to dismiss Count III of Plaintiff's Complaint is **GRANTED**.

Count III of Plaintiff's Complaint is **DISMISSED**.

    (3)    Defendants' motion to dismiss Count IV of Plaintiff's Complaint to the extent

that Count IV involves the Fourth Amendment to the United States Constitution is **GRANTED**.  Count IV of the Plaintiff's Complaint is **DISMISSED** with respect to claims under the Fourth Amendment to the United States Constitution or Article I, § 8 of the Pennsylvania Constitution.

(4)    Defendants' motion to dismiss Count V of Plaintiff's Complaint is **GRANTED**. Count V of Plaintiff's Complaint is **DISMISSED**.


 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge